CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND
Civil Branch Division – Upper Marlboro

JAMAAL JOHNSON
6833 Forbes Blvd
Lanham, MD 20705
240-460-2520

Case No. C16CV23065417

Plaintiff,

v.

✓ SOCIAL FINANCE, INC.
  Serve: Registered Agents Inc.
         5000 Thayer Center, Ste C
         Oakland, MD 21550

✓ SOFI LENDING CORP.
  Serve: CSC-Lawyers Incorporating Service
         2710 Gateway Oaks Dr, Ste 150 N
         Sacramento, CA 95833

✓ Equifax Information Services, Llc
  Serve: CSC-Lawyers Incorporating Service Company
         7 St. Paul Street, Suite 820
         Baltimore, MD 21202

✓ Experian Information Solutions, Inc
  Serve: The Corporation Trust Incorporated
         2405 York Road, Suite 201
         Lutherville Timonium, MD 21093

✓ Trans Union, LLC
  Serve: CSC-Lawyers Incorporating Service Company
         7 St. Paul Street, Suite 820
         Baltimore, MD 21202

Defendants.

## COMPLAINT AND ~~JURY DEMAND~~ Defamation

The Plaintiff, Jamaal Johnson, sues the Defendants and states the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for defaming the Plaintiff and violating various federal and state consumer protection laws, including the Fair Credit Reporting

1

Act ("FCRA"), Fair Credit Billing Act ("FCBA"), Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Consumer Protection Act ("MCPA"), the Equal Credit Opportunity Act ("ECOA"), breach of contract and the common law torts of defamation and conversion.

## PARTIES TO ACTION

2. Plaintiff is a natural person residing in the state of Maryland.

3. Social Finance, Inc., also doing business as SoFi, is a Delaware corporation with its principal office or place of business in San Francisco California.

4. SoFi Lending Corp., also doing business as SoFi, is a California corporation with its principal office or place of business at 375 Healdsburg Avenue, Suite 280, Healdsburg, CA 95448. SoFi Lending Corp. is a wholly owned subsidiary of Social Finance, Inc.

5. Equifax is a consumer reporting agency ("CRA") as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

6. Experian is a CRA as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

7. Trans Union is a CRA as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

## FACTUAL ALLEGATIONS

8. Plaintiff has three separate accounts with Sofi, including a bank account, credit card account and crypto account.

9. SoFi is reporting the credit card account to all three CRAs.

10. In May 2023, SoFi shut off Plaintiff's access to all three accounts.

11. By shutting off Plaintiff's access to his bank and crypto accounts, the Plaintiff could not access those funds to pay his credit card account.

12. SoFi did not have a legitimate reason to shut Plaintiff's accounts down.

13. Even when asked by Plaintiff, SoFi refused to provide a legitimate reason for shutting Plaintiff's accounts down.

14. Instead of providing a reason, SoFi simply stated that it was conducting an investigation, but did not explain what it was investigating.

15. SoFi has retained Plaintiff funds for seven months.

16. Plaintiff disputed SoFi's actions directly with SoFi.

17. SoFi did not investigate Plaintiff's dispute.

18. SoFi reported Plaintiff as delinquent on her credit card account.

19. SoFi did not include in its reporting that SoFi prevented Plaintiff from paying his credit card account by blocking Plaintiff's access to his money.

20. Plaintiff disputed the SoFi credit card with all three CRAs.

21. The CRAs did not investigate Plaintiff's dispute.

22. Instead of investigating the dispute, the CRAs forwarded the dispute to SoFi.

23. Due to prior experience with complaints from other consumers, the CRAs had reason to know that SoFi would not conduct a reasonable investigation.

24. Nonetheless, the CRAs did not require SoFi to do a reasonable investigation and without any assurance that SoFi did a reasonable investigation, the CRAs parroted the response they received from SoFi.

25. Not only did the Defendants fail to do a reasonable investigation of the Plaintiff's dispute, but the Defendants did not even report the account as in a dispute status.

## COUNT ONE: VIOLATIONS OF FCBA

26. Plaintiff incorporates paragraphs 1 through 25.

27. Plaintiff received a billing statement from SoFi that included charges that should not have accrued due to SoFi's closing of his accounts.

28. Within sixty days of receiving the billing statement, Plaintiff sent at least two dispute letters—which included his name and account number—that disputed the charges.

29. SoFi failed to timely acknowledge Plaintiff's dispute.

30. SoFi failed to take the appropriate action and remove the charges.

31. SoFi failed to provide a written explanation or clarification for the charges.

32. SoFi attempted to collect the charges before responding to Plaintiff's dispute.

33. SoFi continued its collection efforts after failing to properly respond to the dispute.

34. SoFi threatened to report delinquent charges to Plaintiff's credit reports.

35. SoFi reported the delinquent charges to Plaintiff's credit reports without properly responding to the Plaintiff's disputes.

36. Accordingly, SoFi violated 15 U.S.C. §§ 1666(a), 1666a(a) and 1666a(b) by failing to properly handle and/or respond to Plaintiff's dispute(s) as described in paragraphs 29 thru 35.

37. As a result of the foregoing violations, Plaintiff has been charged undue fees and costs and lost credit opportunities due to the harm to his credit score and profile.

38. Plaintiff also suffered emotional distress trying to have his account corrected and dealing with the harm to his credit.

39. Thus, SoFi's conduct was the proximate cause of Plaintiff's injuries, rendering SoFi liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1640(a)(1), statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a)(3).

### COUNT TWO: VIOLATIONS OF MCDCA

40. Plaintiff incorporates paragraphs 26 – 39.

41. Pursuant to 15 U.S.C. § 1666(e), SoFi could not collect the disputed charges after it failed to satisfy its obligations under section 1666a, as described in paragraphs 29 thru 33.

42. SoFi violated Md. Code Ann., Com Law § 14-202(8) by attempting to collect the disputed charges when SoFi knew, or should have known, that it had not satisfied its' obligations under section 1666a and had no right to collect the charges.

43. As a result of the foregoing violation, Plaintiff has been charged undue fees.

44. Plaintiff also suffered emotional distress trying to have his account corrected.

45. SoFi's conduct was the proximate cause of Plaintiff's injuries, rendering SoFi liable for actual damages pursuant to Com Law § 14-203.

## COUNT THREE: VIOLATION(S) OF MCPA

46. Plaintiff incorporates paragraphs 40 - 45.

47. SoFi violated the MCPA, Md. Code Ann., Com Law § 13-301(14)(iii) by violating the MCDCA as described in paragraphs 41 & 42.

48. As a result of SoFi's foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses and other emotional distress.

49. SoFi's conduct was the proximate cause of Plaintiff's injuries, rendering SoFi liable for actual damages and attorney's fee pursuant to Com Law §§ 13-408(a)-(b).

## COUNT FOUR: CONVERSION

50. Plaintiff incorporates paragraphs 1 - 25.

51. SoFi converted Plaintiff's checking and crypto accounts by block Plaintiff's access to those accounts and retaining his money.

51. SoFi purposely blocked Plaintiff's access and retained his money.

52. SoFi knows the money in those accounts belong to the Plaintiff and that SoFi must provide or make those funds available to Plaintiff.

53. Upon information and belief, SoFi was motivated by malice when it converted Plaintiff's property.

54. SoFi's conduct caused a direct injury to the Plaintiff and renders SoFi liable for compensatory damages, actual damages and punitive damages.

## COUNT FIVE: VIOLATION(S) OF THE ECOA

55. Plaintiff incorporates paragraphs 1 through 25.

56. SoFi violated 15 U.S.C. § 1691(d)(3) by failing to provide specific reasons for shutting down Plaintiff's credit card.

57. The purpose of section 1691(d)(3) is to provide the consumer with information to help him to address or correct the credit issues that caused the adverse action.

58. Had the Plaintiff received the specific reasons for his credit card account being shut down, then Plaintiff could have shown SoFi that it had no basis to shut his credit card down and he could have had SoFi reopen all his accounts.

58. SoFi's violation was willful for they knew it was required to timely provide the reasons for shutting down Plaintiff's credit card.

59. As a result of the above violation(s), the Plaintiff was deprived of information that he needed to correct SoFi's mistake and suffered loss of credit opportunity and emotional distress.

60. Accordingly, SoFi is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1691(e)(a), for punitive damages pursuant to 15 U.S.C. §1691e(b) and for attorneys' fees and costs pursuant to 15 U.S.C. §1691(e)(d).

## COUNT SIX: VIOLATION(S) OF FCRA

61. Plaintiff incorporates paragraphs 1 through 60.

62. The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to utilize reasonable procedures to furnish Plaintiff's credit reports with maximum accurate information.

63. The CRA Defendants violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes.

64. Defendant SoFi violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation and properly respond to Plaintiff's disputes.

65. The Defendants' failure to comply with their statutory obligations for respond to Plaintiff's disputes were the result of policies, practices, and procedures that they intentionally implemented to save money and increase profits.

66. As a result of the Defendants' violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

67. The violations by Defendants were willful, rendering them liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT SEVEN: DEFAMATION

69. Plaintiff incorporates paragraphs 61 through 68.

70. SoFi furnishes information regarding Plaintiff's credit card to the CRAs each month.

71. SoFi knew the CRAs would furnish credit reports containing the inaccurate information to third parties.

7

72. SoFi's reporting constituted defamatory statements as the reportings were injurious to Plaintiff's financial profile.

73. SoFi knew that its false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

74. SoFi's false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to his financial reputation, loss of credit opportunity and emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A. That the Court award $50,000 in actual damages for Counts I thru VII;

B. That the Court award maximum statutory damages for FCBA, FCRA and ECOA;

C. That the Court award maximum punitive damages for FCRA, ECOA, conversion and defamation;

D. That the Court award costs and any reasonable attorneys' fees; and

E. That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

Jamaal Johnson
Pro Se Plaintiff
6833 Forbes Blvd
Lanham, MD 20705
Tel: (240) 460-2520
[email]